United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Elda Garcia, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Brett R. Rinehart, in his capacity as District Director of the U.S. Citizenship and Immigration Services, and others, Defendants. | ) Civil Action No. 20-22265-Civ-Scola |

### Order Granting Motion for Judgment on the Pleadings

Plaintiff Elda Garcia, through an emergency petition filed in this Court, seeks to correct the birth year indicated on her certificate for naturalization. (Pl.'s Pet., ECF No. 1.) The certificate, issued by United States District Court Judge Joseph I. Bogart on March 26, 1969, lists her birth year as 1936 but her correct birth year is 1938. This error resulted from a scrivener's error, which Garcia was aware of, originating from Garcia's Cuban-issued government documents when she was forced to leave Cuba, on short notice, as part of the Freedom Flights in 1963, during the Cuban Revolution. After the Government answered the petition, Garcia moved, on an expedited basis, for judgment on the pleadings. (Pl.'s Mot., ECF No. 11). In her motion, Garcia points out the Government does not dispute the salient facts she set forth, supporting her petition for relief. The Government, however, nonetheless opposes the motion, arguing Garcia's "petition and the motion for judgment on the pleadings are laden with disputed facts and unsubstantiated conclusions and should be denied." (Defs.' Resp. to Mot. ¶ 2, ECF No. 15, 2.) Garcia has also filed a reply, maintaining the Government has failed to actually dispute the underpinnings of her claim. (Pl.'s Reply, ECF No. 16, 1–2.) After careful review, the Court finds Garcia has established her entitlement to judgment on the pleadings and **grants** her motion. (**ECF No. 11**.)

1. **Background**[1]

According to her verified petition, Garcia has navigated a complicated web of bureaucracy in attempting to resolve a discrepancy between the birth year listed in her Cuban-issued passport and birth certificate and her actual birth year. Due to a scrivener's error, the birth year listed in her Cuban-issued

---

[1] Unless otherwise noted, the facts, set forth in this section are undisputed.

documents is 1936 whereas Garcia's actual birth year is 1938. Garcia says this documentation was provided to her as she was fleeing Cuba and because of the turmoil, she felt she could not risk any delay occasioned by seeking re-issued, corrected documents. Recently, however, through considerable time and effort and with the assistance of counsel, Garcia was able to secure paperwork from Cuba—a corrected birth certificate and a corrected certificate of baptism—which reflect her correct birthdate: October 23, 1938. (Ex. C., ECF No. 1-3.)

After obtaining the corrected records from Cuba, Garcia attempted to correct the birth year indicated in her U.S. passport. Garcia says the United States Citizenship and Immigration Services advised her that in order to correct her passport, she must first provide a corrected certificate of naturalization. Further, she says, as USCIS explained, USCIS does not itself have jurisdiction to provide her with a corrected certificate of naturalization. Instead, she proffers, the only way the certificate, issued in 1969, by a court in the Southern District of Florida, can be corrected is for the Court to do one of the following: (1) correct her certificate of naturalization so that it identifies her correct birthdate; (2) provide a replacement certificate of naturalization in the event the original cannot be amended; or (3) order the USCIS to issue a replacement certificate. Once Garcia obtains a corrected certificate of naturalization, USCIS can correct her passport; and once she has a corrected passport, she can obtain a corrected Florida driver's license and any other documents that do not reflect her true birthdate. Garcia is concerned that, upon her death, complications may arise in administering her estate because her social security information, and her corrected documents from Cuba, reflect her actual birthdate, while her certificate of naturalization, her passport, and her Florida driver's license do not.

The relief Garcia requests is time sensitive because USCIS has set a deadline of August 15, 2020, which it says it will not extend, for her to submit all evidence in support of her request for a corrected passport.

### 2. Legal Standard

As set forth in Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. Dist. Attorney's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010). A court ruling on a 12(c) motion must "accept all the facts in the [pleadings] as true and view them in the light most favorable to the nonmoving party." *Id.* A motion for judgment on the pleadings is subject to the

same analysis as a motion to dismiss pursuant to Rule 12(b)(6). *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

Under the applicable 12(b)(6) standard, a pleading must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its own face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).[2] While the Court must accept well-pleaded facts as true, it need not assume the truth of conclusory allegations, nor are parties entitled to have a court view unwarranted deductions of fact or argumentative inferences in their favor. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" insufficient to survive motion to dismiss); *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (per curiam). A court may also properly consider documents attached to the complaint, answer, or motion so long as they are (1) central to the plaintiff's claim, and (2) undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134–1135 (11th Cir. 2002); *cf. Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205–06 (11th Cir. 2007) (including exhibits among factual allegations to be considered on 12(b)(6) motion to dismiss, stating "when the exhibits contradict the . . . allegations of the pleading, the exhibits govern"). "To obtain a judgment on the pleadings, the moving party must clearly establish that no material issue of fact remains unresolved and that it is entitled to judgment as a matter of law." Bryan Ashley Intern., Inc. v. Shelby Williams Indus., Inc., 932 F. Supp. 290, 291 (S.D. Fla. 1996) (Highsmith, J.)

### 3. Analysis

Upon Garcia's filing of her petition, the Court ordered the Government to do one of two things: "(1) if the parties are in agreement, the Government must submit a joint notice indicating the parties' understanding, attaching a proposed order for the Court's review; or (2) if the parties are not in agreement, the Government must respond to the petition, explaining why it believes Garcia is not entitled to the relief the Court proposes." (Order, ECF No. 7.) In response, the Government objected to Garcia's petition. (Defs.' Resp. to Pet., ECF No. 10.) The Government's objections are based, primarily, on the results of inquiries Government counsel made to the USCIS. According to Government counsel, the USCIS informed, because of the repeated times Garcia has attested, sometimes under oath, over the past fifty years, that her birth year is 1936, it

---

[2] The Court uses (cleaned up) to indicate that internal quotation marks, alterations, or citations have been omitted from quotations. *See, e.g., Durham v. Rural/Metro Corp.*, 955 F.3d 1279, 1285 (11th Cir. 2020).

would deny Garcia's request to correct her certificate. The Government, in answering the petition, complains the USCIS "process[es] a great volume of applications and cannot simply and easily reverse all identifying documentation, especially that which the plaintiff consistently represented to the United States for more than fifty years." (Def.'s Resp. to Pet. at 6.) The Government also points to guidance set forth in USCIS policy manuals that provides for the USCIS's correction of certificates of naturalization only when the USCIS itself has made a clerical error. Finally, the Government also refers to a regulation that provides USCIS will not deem a certificate correction justified "where the naturalized person later alleges that the . . . date of birth which the applicant stated to be his or her correct . . . date of birth at the time of naturalization was not in fact his or her . . . date of birth at the time of naturalization." (Def.'s Resp. to Pet. at ¶ 9 (quoting 8 C.F.R. § 338.5(e)).)

A few days after the Government filed its answer, Garcia moved for judgment on the pleadings. In her motion, Garcia points out the following: (1) the Government does not dispute that Garcia's true birthdate is October 23, 1938, as reflected in the corrected and unchallenged documents she has received from Cuba; (2) the Government has not alleged any fraudulent or bad-faith conduct; and (3) the Government has not alleged any prejudice it will suffer if the Court grants Garcia's petition. In opposition, the Government does not dispute any of Garcia's points. Instead, the Government (1) complains Garcia's reliance on Rule 12, in seeking a judgment on the pleadings, is improper; and (2) Garcia's petition and motion are laden with disputed facts and unsubstantiated conclusions. The Court finds the Government's opposition misses the mark.

To begin with, the Court concludes it has subject-matter jurisdiction over Garcia's certificate of naturalization, issued by this Court in 1969, through the savings clause of the Immigration Act of 1990 "and that the federal courts have jurisdiction to consider motions to amend such certificates in accordance with former 8 U.S.C. § 1451(i) (1988)." *Collins v. U.S. Citizenship & Immigration Services*, 820 F.3d 1096, 1098 (9th Cir. 2016). The Government, for its part, does not dispute the Court's jurisdiction to "correct, reopen and/or modify" Garcia's certificate. (Def.'s Resp. at ¶ 12.)

Next, the Government's contention that a motion for judgment on the pleadings is an improper vehicle through which Garcia, as a plaintiff, can seek relief, is wrong. Neither the plain meaning of Federal Rule of Civil Procedure 12(c) nor any case law supports the Government's position. Under Rule 12(c), there is no restriction on which party may move for judgment on the pleadings. Regardless of how "curious" or "unusual" the Government finds Garcia's

litigation strategy, nothing about Garcia's seeking a judgment on the pleadings here is procedurally improper.

Additionally, nowhere, in either its answer to Garcia's petition or its opposition to her motion, does the Government present any evidence, or even allege, that 1938 is not, in fact, Garcia's real date of birth. Instead, the Government complains about the following: until October 2019, Garcia never provided any notice to the Government that the birth year she attested to in the 1960's was erroneous; Garcia's family members, decades ago, also verified the incorrect date; a Cuban court record from 1960 repeats the incorrect birth year; the USCIS and the District Court accepted and relied upon Garcia's representation that her birth year was 1936; Garcia did not provide any of the supporting documents she submitted to justify getting Cuba to correct her birth year to 1938; Garcia doesn't explain why she continued to perpetuate the scrivener's error for so long; and Garcia doesn't supply supporting facts to show she has been diligent in trying to fix the error. Notably, however, the Government's opposition to both Garcia's petition and motion for judgment on the pleadings is devoid of any allegations that Garcia acted in bad faith or fraudulently. Instead, the Government complains that Garcia's "wait[ing] more than fifty years to seek a change resonated of dilatory" (Def.'s Resp. to Mot. at ¶ 9) and describes Garcia's "not raising the issue with the United States during the past fifty years" as a "curiosity" (Def.'s Resp. to Pet. at 6). The Government further insists that "[b]y changing her birth year after fifty[-]one years, [Garcia] negates a lifetime of her identity in the United States" and that "[b]y her own hand, and having offered nothing to alert the need to change it for decades, [Garcia] sealed her identity with her birth year of 1936." (Def.'s Resp. to Mot. at ¶ 4.) Importantly, however, none of these grievances, amounts to any actual prejudice the Government will suffer if the acknowledged scrivener's error is corrected in Garcia's certificate of naturalization or any allegation that Garcia has failed to show 1938 is her true birth year.

In order to find an amendment of a certificate of naturalization warranted, "[m]ost cases suggest that a petitioner must offer 'unequivocal evidence' of his true date of birth." *Hussain v. U.S. Citizenship & Immigration Services*, 541 F. Supp. 2d 1082, 1085 (D. Minn. 2008) (citing district court cases from Minnesota and New York). Other cases provide, however, for "a less stringent 'good cause' standard" or require clear and convincing evidence. *Id.* (citing district court cases from New York, Minnesota, and Pennsylvania). Regardless of the proper standard, the Court finds that, here, in any event, there is no dispute at all that Garcia's true birth year is 1938. In contrast, in cases where such petitions have been denied, courts have pointed to, weak, nonexistent, or even ridiculous evidence: for example, where a petitioner

presented evidence that would have meant the petitioner's mother was fifty-seven at the time of the petitioner's birth, *Zhang v. U.S. Dept. of Homeland Sec.*, 1:06-MC-122, 2007 WL 2156648, at *4–5 (N.D.N.Y. July 25, 2007); where a petitioner failed to explain at all why the date on his certificate was wrong and proffered no evidence whatsoever of his true date of birth, *In re Osman*, 07-MC-24S, 2007 WL 1480966, at *2 (W.D.N.Y. May 20, 2007); where the only evidence of petitioner's alleged true date of birth was an untranslated, unauthenticated Vietnamese birth record, *In re Hua*, 07 MC 04 S, 2007 WL 1087563, at *2 (W.D.N.Y. Apr. 9, 2007); and where a petitioner's testimony was not credible because, among other things, she began giving her "incorrect" age while testifying and then had to stop and "correct" herself, *Application of Ohanian*, MISC. 93-218 (RJD), 1995 WL 62733, at *1 (E.D.N.Y. Feb. 7, 1995). Garcia's petition does not suffer from such defects.

Further, although the Government highlights, with criticism, Garcia's continued reliance, for decades, on the incorrect birth year, the Court notes many "courts have granted petitions to amend even when the petitioner admitted that he knew that the date of birth that he supplied to United States immigration officials was not correct." *Hussain v. U.S. Citizenship & Immigration Services*, 541 F. Supp. 2d 1082, 1087 (D. Minn. 2008) (collecting cases). There is no evidence, here, that the incorrect birth year Garcia presented ever afforded her any benefits that she would not have otherwise been entitled to had she supplied her correct birth year. And aside from these criticisms, the Government does not allege Garcia has, in any way, acted in bad faith or fraudulently.

In sum, the Court is convinced (1) the date on Garcia's certificate of naturalization is wrong; (2) there is no evidence that Garcia acted fraudulently or in bad faith—either when she initially provided the incorrect date to immigration authorities or when she, more recently, sought to amend the certificate; and (3) Garcia's true year of birth is, in fact, 1938. Indeed, after carefully reviewing the Government's opposition, the Court is perplexed as to why the Government did not simply agree to the relief Garcia requests. While the Court agrees cases like this are a drain on Government resources and that it certainly appears Garcia could have been much more diligent in rectifying the error, there is simply no good reason for the Court not to fix an error that everyone agrees is incorrect where that error was never relied upon or offered in bad faith.

### 4. Conclusion

Accordingly, the Court **grants** Garcia's motion for judgment on the pleadings (**ECF No. 11**), thereby granting judgement in her favor on her

petition (ECF No. 1). The Court thus **orders** USCIS to immediately issue Garcia an amended certificate of naturalization that identifies her date of birth as **October 23, 1938**.

Lastly, the Court directs the Clerk to **close** the case. The Court also **denies as moot** any other pending motions.

**Done and ordered** at Miami, Florida, on July 16, 2020.

Robert N. Scola, Jr.
United States District Judge